# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | | |
|---|---|---|
| ELITE CARE, RX, LLC | : | No. 156 WAL 2023 |
| | : | |
| v. | : | Petition for Allowance of Appeal |
| | : | from the Order of the Superior Court |
| PREMIER COMP SOLUTIONS, LLC; | : | |
| LAUNDRY OWNERS' MUTUAL LIABILITY | : | |
| INSURANCE ASSOCIATION; UPMC | : | |
| BENEFIT MANAGEMENT SERVICES, INC. | : | |
| D/B/A UPMC WORK PARTNERS; | : | |
| LACKAWANNA CASUALTY COMPANY; | : | |
| AND BRICK STREET MUTUAL | : | |
| INSURANCE COMPANY | : | |
| | : | |
| PETITION OF: PREMIER COMP | : | |
| SOLUTIONS, LLC, AND BRICK STREET | : | |
| MUTUAL INSURANCE COMPANY | : | |

## ORDER

**PER CURIAM**

**AND NOW**, this 24th day of October, 2023, the Petition for Allowance of Appeal is

**GRANTED**. The issue, as stated by petitioner, is:

> Can a purported medical provider seeking payment for prescription medication in accordance with the provision of the Pennsylvania Workers' Compensation Act (hereinafter "WCA"), specifically 77 P.S. § 501(a)(1), and corresponding Medical Cost Containment Regulations (hereinafter "MCCR"), 34 Pa. Code §§ 127.1 – 127.755, circumvent the exclusivity provisions of the WCA by initiating litigation outside the forums established by and under the WCA and MCCR for adjudicating such issues? Alternatively phrased, is the liability of the Employer and its Insurer or carrier exclusive in place of any and all other liability, given the WCA provides for an exclusive remedy barring any tort action flowing from a work-related injury?